UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HERBERT MEYER, an individual,

    Plaintiff - Appellant,

v.

THE BOEING COMPANY, a Delaware corporation; et al.,

    Defendants - Appellees.

No. 11-55662

D.C. No. 8:10-cv-00432-DOC-RNB
U.S. District Court for Central California, Santa Ana

**MANDATE**



RECEIVED
CLERK, U.S. DISTRICT COURT

3/14/2013

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DLM_____ DEPUTY

    The judgment of this Court, entered February 19, 2013, takes effect this date.

    This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                   FOR THE COURT:
                                   Molly C. Dwyer
                                   Clerk of Court

                                   Rhonda Roberts
                                   Deputy Clerk



FILED

FEB 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERBERT MEYER, an individual,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>THE BOEING COMPANY, a Delaware corporation; et al.,<br><br>        Defendants - Appellees. | No. 11-55662<br><br>D.C. No. 8:10-cv-00432-DOC-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 14, 2013[**]
Pasadena, California

Before: GOODWIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Plaintiff Herbert Meyer appeals from the district court grant of summary in favor of The Boeing Company on Meyer's claims for age discrimination,

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

-2-

retaliation, failure to prevent discrimination, and wrongful termination.  We have jurisdiction under 28 U.S.C. § 1291 and now affirm.

The undisputed facts show that Meyer was selected for layoff by means of an age-neutral scoring method.  Meyer did not come forward with any evidence that this method was a pretext for age discrimination or retaliation for engaging in protected activity.  *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 354 (2000) ("California has adopted the three-stage burden-shifting test . . . for trying claims of . . . age discrimination." (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973))); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005) (same for retaliation claims).  Not only is it undisputed that Meyer scored lowest in his group, it also is undisputed that Meyer's job was totally eliminated; he was not replaced by a younger employee.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1287 (9th Cir. 2000) ("In the RIF context, [Meyer] must show that the skills he had continued to be needed by the company.").  Likewise, he presented no evidence of any connection between the layoff decision and the concern over his use of stairs.  As for his claim of retaliation (mentioned only in passing in the opening brief), Meyer has not shown that he engaged in any "protected activity," much less that he was subjected to retaliation or laid off for any reason other than the age-neutral reason proffered by Boeing.  *See Yanowitz*, 36 Cal. 4th at 1042

-3-

(requiring plaintiff to show participation in a "protected activity" to establish a prima facie case of retaliation and to show pretext if defendant offers a legitimate, nonretaliatory reason for termination).

The district court also properly granted summary judgment on Meyer's claims for failure to prevent discrimination and for wrongful termination, all of which depend on Meyer's failed age discrimination claim. *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998) (holding no claim for failure to prevent when no actionable discrimination occurred); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 229 (1999) ("[B]ecause [plaintiff's] FEHA claim fails, his claim for wrongful termination in violation of public policy fails.").

**AFFIRMED.**